UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL R. RAMIREZ, *et al.*, | ) | Civil No. 09cv1401-L(RBB) |
| Plaintiffs, | ) ) ) | **ORDER DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD AND REJECTING NOTICE OF WITHDRAWAL** |
| v. | ) ) | |
| QUALITY LOAN SERVICING CORP., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

On October 18, 2010 Kent Wilson, Esq., counsel for Plaintiffs Rafael R. Ramirez, Patricia Ramirez and Jose Angel Valdez, filed a pleading styled as a "Notice of Withdraw of Counsel," which he docketed as a motion to withdraw.[1] On October 19, 2010 he filed the same pleading again and docketed it as a notice. For the reasons which follow, Mr. Wilson's motion for leave to withdraw from representation is **DENIED** and his notice of withdrawal is **REJECTED**.

An attorney representing a client before a tribunal may not withdraw except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992); Cal. R. Prof. Conduct 3-700(A)(1). Accordingly, a notice alone is insufficient to accomplish withdrawal. Because

---

[1] For the most part, attorneys must electronically file their pleadings in this District. *See* Civ. Local Rule 5.4. In the process they create docket entries in the court's file and are able to designate their filings as, for example, a motion or a notice.

both of Mr. Wilson's filings are styled as a "notice," this is insufficient, and the notices are **REJECTED**.

To the extent either of Mr. Wilson's notices can be construed as a motion for leave to withdraw, any such motion must be served on the client. Civ. Loc. Rule 83.3(g)(3). Mr. Wilson represents three clients in this case, but has served only two of them. The motion to withdraw is therefore **DENIED**.

Without an explanation, Mr. Wilson represents that he is withdrawing based on California Rule of Professional Conduct 3-700(B)(3). Rule 3-700(B)(3) applies when an attorney's "mental or physical condition renders it unreasonably difficult to carry out the employment effectively." This is at odds with Mr. Wilson's representation in court. At the hearing held on September 22, 2010 he represented that he had already resigned from the Bar and was no longer an attorney. The court is therefore not inclined to grant leave to withdraw under Rule 3-700(B)(3).

Finally, this court requires counsel to "comply with the standards of professional conduct required of members of the State Bar of California, and decisions of any court applicable thereto." Civ. Loc. R. 83.4(b). Pursuant to California Rule of Professional Conduct 3-700(A)(2), an attorney may not withdraw until he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the right of the client." Mr. Wilson has not indicated if, or how, he has protected his clients from reasonably foreseeable prejudice occasioned by his withdrawal. Mr. Wilson's motion to withdraw is therefore denied on this alternative ground.

For the foregoing reasons, Mr. Wilson's notices of withdrawal are **REJECTED** and, to the extent either notice can be construed as a motion for leave to withdraw, it is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 3, 2010

M. James Lorenz
United States District Court Judge